UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARIAH LOPEZ,

                Plaintiff,

-against-

THE CITY OF NEW YORK; DEPARTMENT OF HOMELESS SERVICES; NYC HUMAN RESOURCES ADMINISTRATION; NYC DEPARTMENT OF SOCIAL SERVICES,

                Defendants.

25-CV-3441 (LTS)

ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who currently resides in Schenectady, New York, is proceeding *pro se* and *in forma pauperis* ("IFP"). She filed this complaint against the City of New York; the Department of Homeless Services ("DHS"); the Human Resources Administration; and the Department of Social Services, asserting that Defendants are violating her rights under the Americans with Disabilities Act ("ADA"). (ECF 1.) Plaintiff filed a letter requesting a preliminary injunction or a temporary restraining order with a supporting declaration. (ECF 5, 6.) The following allegations are drawn from these submissions. This order addresses only the request for emergency injunctive relief.

      Plaintiff is a "39 year old Afro Latina woman of color"; transgender; a victim of domestic violence, stalking, and "trafficking"; and "legally disabled, suffering from a number of long term physical and other conditions which significantly limit" her daily activities. (ECF 1 at 2, ECF 6 at 2.) Her submissions do not contain facts describing the nature of her disabilities or how they affect her.

      Plaintiff alleges that she requires "reasonable accommodations intended to aid [her] in navigating everyday life." (ECF 1 at 2.) Those accommodations include: (1) an "opportunity to

conduct her intake into the shelter system remotely based on her unique needs as someone entitled to be screened for shelter services while owning two dogs, as well as her physical limitations"; (2) a "single room at a single adult shelter so she can fully access and enjoy all daily activities within the shelter system including physical rest and respite only four walls and a door that closes can offer, along with adequate privacy and sleep"; and (3) "the ability to have both her service dog, as well as her emotional support dog accompany her into the shelter based on her medical disabilities and needs, supported by the documentation provided by" her doctor. (*Id.* at 4.) Plaintiff alleges that although she "provided [medical] proof," Defendants "have still not granted [her] the [reasonable accommodations] she needs to access shelter with her dogs." (*Id.*)

Plaintiff alleges that she initiated an action in the New York State Supreme Court, New York County in connection with these matters, which is pending before Judge Carol Sharpe.[1] Plaintiff alleges that, in the course of those proceedings: (1) DHS violated her "confidentiality as it relates to the Reasonable Accommodation request she had made to the City in confidence"; (2) Judge Sharpe "directed [the] parties to take action based on issues and facts not before the court," and held that Defendants "do not need to continue processing Plaintiff's request for a memory aid for a site visit to a shelter under the auspices of a settlement between Plaintiff and DHS which was scheduled for . . . April 25th 2025, without Plaintiff's input," thus "nullifying" Plaintiff's reasonable accommodation request.[2] (*Id.* at 9.)

Plaintiff seeks an order

---

[1] The complaint refers to Judge Sharpe as a defendant, although she is not listed as a defendant in the caption of the complaint. (*Id.* at 3.) Plaintiff filed another complaint that did list Judge Sharpe as a defendant. *See Lopez v. City of New York*, No. 25-CV-3440 (S.D.N.Y. filed Apr. 25, 2025).

[2] Plaintiff also cites to prior cases that she filed in this court against DHS. *See Lopez v. DHS*, No. 17-CV-3014 (MKV) (OTW) (S.D.N.Y. Nov. 24, 2021) (dismissing three related matters pursuant to stipulated settlement).

> directing [Defendants] to provide the reasonable accommodation Plaintiff requested which relates to her needing to physically enter any NYC shelter for a pre scheduled site visit (as per parties agreement not before this court), since Defendants have already agreed to allow Plaintiff and her counsel to conduct site visits, and such and accommodation is Plaintiff's right under the [ADA].

(*Id.* at 10.)

Plaintiff seeks this relief to "avoid becoming displaced from where she's lived for over a year," in Schenectady, and to avoid "sleeping out of her car." (ECF 1 at 5; ECF 6 at 5.)

## DISCUSSION

Plaintiff seeks a preliminary injunction or a temporary restraining order. To obtain such relief, Plaintiff must show: (1) that she is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of her case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

Plaintiff's submissions do not contain sufficient facts for the Court to assess the merits of her ADA claim against Defendants or her requests for this Court's intervention in the pending state-court matter. She has thus not demonstrated: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. Accordingly, Plaintiff's request for a preliminary injunction or a temporary restraining order (ECF 5) is denied. The Court will issue an explanatory order at a later date.

**CONCLUSION**

Plaintiff's request for a preliminary injunction or a temporary restraining order (ECF 5) is denied without prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   April 30, 2025
        New York, New York

                                                /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                            Chief United States District Judge