UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARIAH LOPEZ,

                Plaintiff,

           -against-

THE CITY OF NEW YORK; DEPARTMENT
OF HOMELESS SERVICES; NYC HUMAN
RESOURCES ADMINISTRATION; NYC
DEPARTMENT OF SOCIAL SERVICES,

                Defendants.

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

25-CV-3441 (GBD)

---

GEORGE B. DANIELS, United States District Judge:

Plaintiff, who currently resides in Schenectady, New York, proceeds in this matter *pro se* and *in forma pauperis* (IFP), that is, without prepayment of fees. She brings this action under the Americans with Disabilities Act and related state laws, alleging that Defendants failed to reasonably accommodate her disabilities. This Court dismisses the complaint with 30 days' leave to replead.

## I.    BACKGROUND

Plaintiff filed this complaint by order to show cause, along with a declaration, against the City of New York, the Department of Homeless Services (DHS), the New York City Human Resources Administration (HRA), and the New York City Department of Social Services (DSS). (ECF Nos. 1, 6.) The following facts are drawn from Plaintiff's filings.[1] Plaintiff is a "39 year old Afro Latina woman of color," who is transgender and "legally disabled, suffering from a number of long term physical and other conditions which significantly limit her daily activities,"

---

[1] The Court quotes from these submissions verbatim. All spelling, grammar, and punctuation are as in the original submissions unless noted otherwise.

and which "require reasonable accommodations intended to aid [her] in navigating everyday life." (ECF No. 1 at 2.)

In 2025, Plaintiff was at risk of becoming homeless; seeking to access New York City's shelter system, she was "required to participate fully in an intake process, which for most individuals includes an in person assessment of . . . needs." (ECF No. 6 at 2.) On April 25, 2025, during an unspecified state-court proceeding before Judge Carol Sharpe,[2] Defendants allegedly denied Plaintiff's requests for the following: (1) a "memory aid . . . while touring any DHS shelter;" (2) "an opportunity to conduct her intake . . . remotely," which Plaintiff claims is a "semi common practice," based on her "needs as someone entitled to be screened for shelter services while owning two dogs, as well as her physical limitations;" (3) a "single room at a single adult shelter so she can fully access and enjoy all daily activities within the shelter system including physical rest and respite only four walls and a door that closes can offer, along with adequate privacy and sleep;" and (4) "the ability to have both her service dog, as well as her emotional support dog accompany her . . . based on her . . . disabilities and needs." (ECF No. 1 at 4.) Plaintiff additionally claims entitlement to emergency shelter due to her history as a survivor of domestic violence, "human trafficking," and "stalking," and also to a "certain type of housing" because she is transgender. (ECF No. 6 at 2.)

Plaintiff claims that she is "[r]egular[ly] in touch with" counsel for Defendants because of a "sep[a]rate scarcely related civil settlement" in *Lopez v. DHS*, No. 17-CV-3104 (MKV) (OTW) (S.D.N.Y. Nov. 24, 2021). (ECF No. 1 at 4, 8.) Plaintiff seeks declaratory and injunctive relief and money damages. (*Id.* at 9–10.)

---

[2] Plaintiff initially named Judge Sharpe as a Defendant in this matter. (ECF 1 at 1.) Plaintiff crossed out Judge Sharpe's name in the caption, and this Court therefore does not consider the claims against Judge Sharpe.

By order dated April 30, 2025, this Court denied the order to show cause, explaining that Plaintiff's submissions did not contain sufficient facts for the Court to assess the merits of Plaintiff's ADA claims or her apparent request that this Court intervene in a pending state-court matter. (*See* ECF No. 8.)

## II.   STANDARD OF REVIEW

This Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, this Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action,"

3

which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

## III.   PLAINTIFF'S CLAIMS ARE DISMISSED

### A. City Agencies

This Court must dismiss Plaintiff's claims against the three city agencies named as Defendants—DHS, HRA, and DSS—because they are not entities that can be sued. *See* N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under *its municipal charter*."); *see also Sexton v. Dep't of Homeless Servs.*, No. 24-CV-8895 (DEH), 2025 WL 1334605, at *3 (S.D.N.Y. May 7, 2025) (dismissing claims against DHS as an entity that cannot be sued under the New York City Charter), *appeal dismissed sub nom. Sexton v. Volunteers of Am.*, No. 25-1401, 2025 WL 3514315 (2d Cir. Sept. 24, 2025); *Morris v. NYC HRA*, No. 13-CV-1845, 2013 WL 3148664, at *3 (E.D.N.Y. June 19, 2023) (holding that HRA is not suable). This Court therefore dismisses Plaintiff's claims against DHS, HRA, and DSS because they lack the capacity to be sued in the name of the agency. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. ADA Claim Against the City of New York

This Court construes Plaintiff's claims as arising under Title II of the ADA, 42 U.S.C. § 12131 *et seq.*, which prohibits disability discrimination by public entities. *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 675 (2001). To state a claim under Title II, a plaintiff must allege that: (1) she is a qualified individual with a disability; (2) she was excluded from participation in a

4

public entity's services, programs or activities or was otherwise discriminated against by a public entity; and (3) that such exclusion or discrimination was due to her disability. *Lawtone-Bowles v. City of New York*, No. 21-CV-5620 (LTS), 2021 WL 3773641, at *5 (S.D.N.Y. Aug. 23, 2021) (citing *Tardif v. City of New York*, 991 F.3d 394, 404 (2d Cir. 2021)). "[A] plaintiff can base a disability discrimination claim on any of 'three available theories: (1) intentional discrimination; (2) disparate impact; and (3) failure to make a reasonable accommodation.'" *Brief v. Albert Einstein Coll. of Med.*, 423 F. App'x 88, 90 (2d Cir. 2011) (quoting *Fulton v. Goord*, 591 F.3d 37, 43 (2d Cir. 2009)).

Public entities must "make reasonable accommodations in order to provide qualified individuals with an equal opportunity to receive benefits from or to participate in programs run by such entities." 42 U.S.C. § 12182(b)(2)(A)(ii); *Tsombanidis v. West Haven Fire Dep't*, 352 F.3d 565, 573 (2d Cir. 2003). To bring a failure to accommodate claim, a plaintiff must show (1) she suffers from a disability (2) known to the defendant, for which (3) a reasonable accommodation is necessary for the plaintiff's enjoyment of the facility, and (4) the defendant refused the accommodation. *Sinisgallo v. Islip Hous. Auth.*, 865 F. Supp. 2d 307, 336 (E.D.N.Y. 2012). At the pleading stage, the plaintiff must allege that the accommodation demand relates to the disability. *See Lopez v. New York City Dep't. of Homeless Servs*, No. 17-CV-3014 (VEC) (OTW), 2019 WL 3531955, at *5 (S.D.N.Y. Aug. 2, 2019) (citing *Sinisgallo*, 865 F. Supp. 2d at 337); *Logan v. Matveevskii*, 57 F. Supp. 3d 234, 256 (S.D.N.Y. 2014) (explaining that "[t]he Second Circuit has defined a reasonable accommodation as one that gives the otherwise qualified plaintiff with disabilities meaningful access to the programs or services sought." (quoting *Henrietta D v. Bloomberg*, 331 F.3d 261, 282 (2d Cir. 2003)). An accommodation is not reasonable if it would impose an undue hardship on a program's operation or "would fundamentally alter the nature of

5

the service, program, or activity." *Powell v. National Bd. of Medical Examiners*, 364 F.3d 79, 88 (2d Cir. 2004) (quoting 28 C.F.R. § 35.130(b)(7)).

Plaintiff's complaint does not contain facts plausibly alleging that the City of New York failed to reasonably accommodate her disabilities. Most significantly, Plaintiff does not allege what her disabilities are. Instead, she alleges generally that she is "legally disabled, suffering from a number of long term physical and other conditions which significantly limit her daily activities." (ECF No. 1 at 2.) Because Plaintiff does not specify the nature of her disabilities, or how they limit her daily activities, she has not established that the accommodations she requested—a "memory aid" while touring shelters, a "remote" intake appointment, a private room, and shelter for a service dog and an emotional support dog—either relate to her disabilities, or were reasonable, meaning that without them, she would be unable to access, or take a meaningful part in, the public services at issue.[3]

In sum, even if the Court assumes that Plaintiff is a qualified individual with disabilities, her allegations do not suggest that she was excluded from participating in the shelter system, or otherwise discriminated against, *because of* those disabilities.

## IV.  LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011);

---

[3] Additionally, these events apparently arose during state-court litigation between Plaintiff and the City of New York. Plaintiff does not explain the nature of those proceedings or their current status. Abstention doctrines often preclude federal courts from involvement in state-court matters. *See, e.g., Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (explaining that the *Rooker-Feldman* doctrine precludes federal court review of final state-court judgments); *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (explaining that in many cases, pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), federal courts may not enjoin pending state-court proceedings in the absence of special circumstances). This Court does not have sufficient facts before it to make any determination about whether these doctrines apply here.

6

*Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). However, the exact degree of solicitude that should be afforded to a *pro se* litigant in any given case depends upon a variety of factors, including the procedural context and relevant characteristics of the particular litigant. *Tracy v. Freshwater*, 623 F.3d 90 (2d Cir. 2010).

Plaintiff is an experienced litigator who has previously asserted claims similar to those set forth in this complaint. *See, e.g., Lopez v. YWCA of North East New York*, No. 24-CV-1516 (N.D.N.Y. filed Dec. 12, 2025) (pending complaint asserting ADA claims); *Lopez v. U.S. Dep't of Interior*, No. 22-CV-4774, 2022 WL 17822516, at *8 (LTS) (S.D.N.Y. Dec. 19, 2022) (granting leave to replead deficient ADA claim and explaining that abstention doctrine arguably applied); *Starr v. Hudson River Park Trust*, No. 21-CV-5721 (LTS) (S.D.N.Y. July 12, 2021) (denying request for emergency injunctive relief); *Lopez v. Heritage of Pride, Inc.*, No. 19-CV-6065 (CM), 2019 WL 6529317, at *4 (S.D.N.Y. Dec. 3, 2019) (dismissing complaint asserting ADA claim, among others, because, "[a]lthough Plaintiff identifies herself as an individual with a disability, she does not state the nature of her disability and she does not allege facts suggesting that [Defendants] discriminated against her, or retaliated against her, because of her disability"); *Lopez v. Admin. for Children's Svcs.*, No. 18-CV-4773 (CM) (S.D.N.Y. June 1, 2018) (dismissing § 1983 complaint on the merits); *Lopez v. France*, No. 17-CV-7961 (VEC) (S.D.N.Y. Dec. 18, 2017) (same).

In light of this litigation history, the Court finds that Plaintiff should be able to file an amended complaint that satisfies federal pleading rules, if sufficient facts exist to state a viable ADA claim. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements).

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment.

## V.    CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

Dated: April 13, 2026
     New York, New York

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge

8